1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ILLUMINA, INC, and GRAIL, INC.,<br><br>Defendants. | Case No. 3:21-cv-00800-CAB-BGS<br><br>**CASE MANAGEMENT AND SCHEDULING ORDER**<br><br>Complaint Filed:  March 30, 2021<br><br>Judge:  Hon. Cathy Ann Bencivengo<br>Magistrate:  Hon. Bernard G. Skomal<br><br>Trial Date:   Not Set |

It is hereby ordered as follows:

      **A.**    <u>**TEMPORARY RESTRAINING ORDER.**</u>  Defendants consented to the entry of a Temporary Restraining Order, which the District Court for the District of Columbia entered on March 31, 2021. Under that Temporary Restraining Order, the Defendants have agreed not to close their transaction until the earlier of 12:01 AM Eastern Time on September 20, 2021 or after 11:59 PM Eastern Time on the second (2nd) business day after this Court rules on the Plaintiff's motion for preliminary injunction.

      **B.**    <u>**ANSWER.**</u>  Defendants answered Plaintiff's Complaint on April 5, 2021.

      **C.**    <u>**DISCOVERY.**</u>

      1.    <u>Fact Discovery</u>. Fact discovery commenced on April 1, 2021 and shall be completed by **<u>June 4, 2021</u>**. To the extent a third-party deposition is properly noticed in accordance with this Order and the third party's schedule cannot accommodate a deposition before the end of fact discovery, a later deposition may occur with the agreement of both sides. No party may unreasonably withhold agreement. All discovery in this case, including discovery initiated prior to the entry of the CMSO, shall be subject to the CMSO as entered by any Court.

      2.    <u>Initial Disclosures</u>. The parties agree to forego the requirement to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

      3.    <u>Pre-Trial Discovery Conference</u>. This Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

      4.    <u>Third-Party Discovery</u>. No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Each party shall produce all materials received pursuant to a third-party subpoena or other formal or informal request, including any declarations or affidavits obtained from a third

party, to the other party in the format in which those materials were received within two (2) business days of receiving those materials.  In the event a non-party produces documents or electronic information that are non-Bates-stamped—in addition to producing the materials in the format in which they were received within two (2) business days of receiving them—the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in a reasonable timeframe.  The parties shall serve document subpoenas to third parties by **May 7, 2021**.

        5.     <u>Limitations on Party and Third-Party Declarations or Affidavits</u>. No party may submit as evidence a declaration or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than one week prior to his or her agreed-to deposition date.  In any event, no party or third-party declaration or affidavit may be submitted as evidence if it was executed or served less than fourteen (14) calendar days before the close of fact discovery unless it is a supplemental third-party declaration or affidavit related to a previously given third-party declaration or affidavit, in which case the parties agree to not oppose any efforts to depose, or re-depose, such a declarant or affiant irrespective of any other provisions of this order.

        6.     <u>Document Requests and Production</u>.  There shall be no limit on the number of requests for production of documents that the parties may serve.  The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections.  Within two (2) business days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  Responsive productions (subject to any objections or custodian issues that have not been resolved) must be made on a rolling basis and must begin as soon as reasonably practicable after the date of service.  All productions must be completed within 30 calendar days of the document request.  In response to any

document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of the acquisition of GRAIL by Illumina, FTC File No. 201-0144.

Document Productions shall be sent to the attention of:

To the FTC:    William Cooke
               Sadie Goering
               Matthew Joseph
               Stephen Mohr
               Susan Musser
               Sarah Wohl
               Nicholas Widnell
               David Gonen
               Lauren Gaskin
               Dylan Naegele
               Eric Edmondson
               Hana Verwilt

For Illumina:  Sharonmoyee Goswami
               Jesse Weiss
               Michael Zaken
               Illumina Trial Team (list serv)
               Cravath, Swaine & Moore LLP
               825 Eighth Avenue
               New York, NY 10019

For GRAIL:     Marguerite Sullivan
               Anna Rathbun
               Latham Antitrust Team (list serv)
               Latham & Watkins LLP
               555 Eleventh Street, NW
               Suite 1000
               Washington, D.C. 20004

7.    Interrogatories.  The parties shall serve no more than twenty-five (25) interrogatories per side.  The parties may serve up to five (5) contention interrogatories per side.  The parties shall serve objections and responses to interrogatories no later than ten (10) calendar days after the date of service.  Within two (2) business days of any objections, the parties must meet and confer to attempt

-4-

Case 3:21-cv-00800-CAB-BGS   Document 88   Filed 04/26/21   PageID.86   Page 5 of 17

1    to resolve the objections.  The parties must make good-faith efforts to provide

2    complete answers to interrogatories no later than twenty (20) calendar days after

3    service of the interrogatories.

4            8.    <u>Deadline to Issue Written Discovery to Parties</u>.  The parties shall

5    serve document requests and interrogatories to parties by **April 28, 2021**.

6            9.    <u>Expert Reports</u>.  Plaintiff shall serve its expert report(s) on **June

7    8, 2021**.  Defendants shall serve their expert report(s) on **June 29, 2021**.  Plaintiff

8    shall serve its rebuttal expert report(s) on **July 9, 2021**.

9            10.    <u>Expert Materials Not Subject to Discovery</u>.  Expert disclosures,

10   including each side's expert report(s), shall comply with the requirements of

11   Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

12            a)    Neither side must preserve or disclose, including in expert

13   deposition testimony, the following documents or materials:

14                  i.    any form of communication or work product shared

15   between any of the parties' counsel and their expert(s) or consultants, or between

16   any of the experts themselves;

17                  ii.    any form of communication or work product shared

18   between an expert and persons assisting the expert;

19                  iii.    expert's notes, unless they constitute the only

20   record of a fact or an assumption relied upon by the expert in formulating an

21   opinion in this case;

22                  iv.    drafts of expert reports, analyses, or other work

23   product; or

24                  v.    data formulations, data runs, data analyses, or any

25   database-related operations not relied upon by the expert in the opinions contained

26   in his or her final report, except as set forth in 13(b).

27            b)    The parties agree that they will disclose the following

28   materials with all expert reports:

-5-

3:21-cv-00800-CAB-BGS

1          i.      a list by Bates number of all documents relied upon
2    by the testifying expert(s);

3          ii.     copies of any materials relied upon by the expert
4    not previously produced that are not readily available publicly; and

5          iii.    for any calculations appearing in the report, all data
6    and programs underlying the calculation, including any processed data files relied
7    upon by the expert in forming his or her opinion and all programs and codes
8    necessary to recreate the calculation from the initial ("raw") data files.

9          11.    Exchange of Lists of Witnesses to Appear at Hearing.

10         a)    *Preliminary Witness Lists:*  The parties shall exchange
11   preliminary witness lists no later than 11:59 PM Eastern Time two business days
12   after the CMSO is entered.  Defendants shall jointly submit one list.  Preliminary
13   witness lists shall include for each witness (including both fact and expert
14   witnesses):  (a) the witness's name and employer; (b) the name, address, telephone
15   number, and email address of the witness's counsel (or, if not represented by
16   counsel, the witness's address, telephone number, and email address); (c) an
17   indication of whether the witness will offer expert testimony; and (d) a summary of
18   the general topics of each witness's anticipated testimony.  The number of fact
19   witnesses who may be included on any side's preliminary witness list shall not
20   exceed twenty five (25).  The preliminary witness lists shall include only witnesses
21   that a side believes in good faith it will present at the evidentiary hearing live
22   (including remotely if necessary to satisfy COVID-19 protocols).   Defendants
23   reserve all rights to object to Plaintiff's use, in its proposed findings of fact or
24   conclusions of law, of deposition designation testimony (including investigational
25   hearing testimony) of witnesses who were not disclosed on Plaintiff's preliminary
26   or final witness lists.  Plaintiff similarly reserves all rights to admit investigational
27   hearing transcripts and deposition designations regardless of whether those
28   witnesses were included on the Plaintiff's preliminary, supplemental, or final

1   witness lists.

2              b)   *Supplemental Witness Lists:*  Each party shall supplement

3   their witness list to include all expert witnesses that will be or may be submitting an

4   expert report and/or testifying at trial.  With this supplemental witness list, each

5   side shall provide a summary of the general topics of each witness's anticipated

6   testimony on or before 11:59 PM Eastern Time on **May 14, 2021**.

7              c)   *Final Witness Lists:*  Final party and third-party witness

8   lists shall be exchanged on or before 11:59 PM Eastern Time on **July 19, 2021**.

9   Only a witness who appears on either party's preliminary witness list, supplemental

10  witness list, or were otherwise deposed during fact discovery may be included on a

11  party's final witness list.  Final witness lists shall include for each witness

12  (including both fact and expert witnesses): (a) an indication of whether the witness

13  will offer expert testimony; and (b) a summary of the general topics of each

14  witness's anticipated testimony.  No witness shall be permitted at trial unless the

15  opposing side had an opportunity to depose the witness before trial.  Defendants

16  reserve all rights to object to Plaintiff's use, in its proposed findings of fact or

17  conclusions of law, of deposition designation testimony (including investigational

18  hearing testimony) of witnesses who were not disclosed on Plaintiff's preliminary

19  or final witness lists.  Defendants' position is that final witness lists shall also

20  include an indication of whether the witness will testify live (including remotely if

21  necessary to satisfy COVID-19 protocols) or through reading or playing of a

22  deposition at the preliminary injunction evidentiary hearing.  Plaintiff similarly

23  reserves all rights to admit investigational hearing transcripts and deposition

24  designations regardless of whether those witnesses were included on the Plaintiff's

25  preliminary, supplemental, or final witness lists and to rely on those transcripts in

26  the Findings of Fact and Conclusions of Law.

27

28

12.    <u>Depositions</u>.

    a)    *Number of Fact Depositions:*

        i.    Each side is entitled to depose any individual who is listed on either side's preliminary, supplemental or final witness lists.  In addition, each side is entitled to depose (1) any individual who signed a declaration or letter of support or any third party that is developing or commercializing oncology tests and has signed with Illumina, since September 21, 2020, a (i) supply agreement, amended supply agreement, letter of intent, or open offer containing terms relating to the proposed transaction, or (ii) "standard contract for U.S. oncology customers" on Illumina's website; and (2) any third-party witness who appeared for an investigational hearing taken in the investigation conducted by the FTC.  Each witness may only be deposed once in this litigation in their individual capacity unless that witness or third party signs a (1) new declaration or letter of support, or (2) supply agreement, amended supply agreement, letter of intent, or open offer containing terms relating to the proposed transaction, or (3) "standard contract for U.S. oncology customers" on Illumina's website, after they were deposed in this litigation.  In that case, the witness may be re-deposed in a deposition of limited duration for the limited purpose of inquiry into that modified agreement or declaration, notwithstanding any other provisions in the CMSO.

        ii.    In addition to those individuals listed under (C.12(a)(i)), each side may take a maximum of fifteen (15) fact depositions of party and third-party witnesses.  Plaintiffs may take the deposition of any party witness listed on either side's preliminary witness list as well as no more than five (5) additional depositions of party witnesses.

        iii.    A Rule 30(b)(6) notice counts as no more than one (1) deposition, in the event a party or third party designates multiple individuals in response to a notice.  Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.

The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

    b) *Allocation of time:*  All depositions, including depositions of fact (including 30(b)(6) witnesses) and expert witnesses, shall last no more than seven (7) hours on the record.  For the avoidance of doubt, a single 30(b)(6) notice entitles the serving side a maximum of seven (7) hours of testimony on the record on the topics in the notice, regardless of whether multiple witnesses are designated to respond to those topics.  If both Plaintiff and Defendants notice any third-party deposition, they shall allocate the time evenly between them.  If both Plaintiff and Defendants notice any third-party fact deposition, the deposition shall count against each side's respective deposition totals.  Unused time in any side's allocation of deposition time shall not transfer to the other party.  The parties anticipate reaching a separate protocol governing remote depositions.  For party witnesses or third-party witnesses retained by any party (*e.g.*, as a consultant, agent, contractor, or representative) in connection with the proposed transaction, or any former employees of any party, the other side will have the opportunity to use up to seven (7) hours for the deposition, consistent with the restrictions on 30(b)(6) depositions described in this section.

    c) *Notice:*  The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  If a party serves a non-party with a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the

original return date for the document subpoena.  No notice for a deposition of a fact witness shall issue after **May 7, 2021**, except that deposition notices of witnesses who sign, after May 7, 2021, (1) a declaration or letter of support, (2) a new supply agreement, amended supply agreement, letter of intent, or open offer containing terms relating to the proposed transaction, or (3) a "standard contract for U.S. oncology customers" on Illumina's website, may be served anytime within five (5) calendar days of the declaration, letter of support, supply agreement, amendment, letter of intent or contract being provided to the opposing party.  The parties agree to make good-faith efforts to schedule all third-party depositions by the close of fact discovery.  If a third-party deposition is properly noticed pursuant to the above but the third party's schedule cannot accommodate a deposition before the end of fact discovery, a later deposition may occur at the agreement of both sides.  No party may unreasonably withhold agreement.

13. <u>Expert Depositions</u>.  A single seven (7) hour (on the record) deposition of each expert shall be allowed.  Expert depositions must be conducted between **July 12** and **July 16, 2021**.

14. <u>Discovery Uses</u>.  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9401).  Only discovery obtained by a party in the Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown.

**D.    MOTIONS AND BRIEFING SCHEDULE.**

15. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by **June 18, 2021**.  This brief shall not exceed forty-five (45) pages.

16. Defendants will file their opposition to Plaintiff's motion for a preliminary injunction by **July 12, 2021**.  This brief shall not exceed forty-five (45)

1   pages.

2         17.    Plaintiff will file its reply memorandum in further support of its

3   motion for a preliminary injunction by **July 20, 2021**.  This brief shall not exceed

4   twenty-five (25) pages.

5         18.    Any motions *in limine*, including any *Daubert* motions, shall be

6   filed by **July 21, 2021**.  Responses to motions *in limine* shall be filed by **July 23,**

7   **2021**.

8         19.    The parties' proposed findings of fact and conclusions of law

9   shall be filed within ten (10) calendar days after the close of the evidentiary

10  hearing.

11  **E.    PRELIMINARY INJUNCTION EVIDENTIARY HEARING.**

12        20.    The evidentiary hearing on Plaintiff's motion for a preliminary

13  injunction will begin on **August 9, 2021**.  Given disagreement between the Plaintiff

14  and Defendants regarding the scope of evidence to be admitted in this preliminary

15  injunction proceeding, the parties will meet and confer after the close of fact

16  discovery and will make a joint proposal to the Court on **June 21, 2021** regarding

17  (1) whether all witnesses for whom either party will move to admit deposition

18  transcripts or investigational hearing transcripts need to be included on the

19  preliminary, supplemental and/or the final witness list; (2) the number of witnesses

20  that shall be included on the final witness list; and (3) whether deposition or

21  investigational hearing testimony can be admitted for someone on the final witness

22  list if that person testifies live at the preliminary injunction hearing; and (4) how

23  much time each side will have to present its case, including opening statements and

24  closing statements.  Examination time will count against the side conducting the

25  examination of the witness.  Plaintiff may reserve a portion of its time for rebuttal.

26  **F.    OTHER MATTERS.**

27        21.    Service.  Service of any documents not filed via ECF, including

28  discovery requests, notice of Rule 45 subpoenas for testimony or documents, expert

disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be served by electronic mail to the following individuals designated by each party:

22.   <u>For Plaintiff</u>:

To the FTC:   William Cooke
Sadie Goering
Matthew Joseph
Stephen Mohr
Susan Musser
Sarah Wohl
Nicholas Widnell
Hana Verwilt

<u>For Defendants</u>:

For Illumina:   Sharonmoyee Goswami
Jesse Weiss
Michael Zaken
Illumina Trial Team (list serv)
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

For GRAIL:   Marguerite Sullivan
Anna Rathbun
Latham Antitrust Team (list serv)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004

In the event that any documents are too voluminous for electronic mail, the parties may serve an electronic version of the papers on opposing counsel via an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served. Service of court filings by 11:59 PM Eastern Time shall be considered to have been filed on that day. For purposes of

1  this provision, service of all other correspondence, discovery requests, witness lists,

2  exhibit lists, objections, expert reports, and productions from parties and third

3  parties by 11:59 PM Eastern Time shall be considered served on that day.

4      23.    <u>Nationwide Service of Process</u>.  Good cause having been shown

5  in view of the geographic dispersion of potential witnesses in this action, the parties

6  will be allowed nationwide service of process of discovery and trial subpoenas

7  pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from

8  this Court.  The availability of nationwide service of process, however, does not

9  make a witness who is otherwise "unavailable" for purposes of Federal Rule of

10  Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules

11  regarding the use at trial of a deposition taken in this action.

12      24.    <u>Third-Party Confidential Information</u>.  The Protective Order

13  entered by the Court on April 1, 2021 shall govern discovery and production of

14  Confidential Information.  Any party serving discovery requests, notices, or

15  subpoenas sent to a non-party shall provide the non-party with a copy of the

16  Protective Order.

17      25.    <u>Privilege Logs</u>.  The parties agree to suspend the obligations of

18  Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged

19  materials withheld from discovery taken in this action (excluding Defendants'

20  productions made during the course of the FTC's pre-complaint investigation).

21  Notwithstanding the foregoing, the parties shall log withheld materials that are:

22  (1) authored by, addressed to, or received from any non-party; (2) internal to a party

23  that are not authored by, sent to, or received from the party's attorneys; (3) authored

24  by, addressed to, or received from any party executive who serves both in-house

25  business and legal roles; and (4) authored by, addressed to, or received from any

26  executive who has a law degree, even if the executive is not a practicing attorney.

27  For purposes of this Paragraph, a "non-party" excludes a party's retained expert and

28  employees of such expert within the meaning of Federal Rule of Civil Procedure

-13-

26(b) and/or Federal Rule of Evidence 702.  The parties shall maintain all documents responsive to a discovery request that they withhold pursuant to a claim of privilege or protection.  The FTC agrees to log any external communication withheld due to deliberative process privilege.  This Paragraph shall not alter either Party's right to challenge any privilege claims made by either Party, including, but not limited to, any deliberative process privilege claim.

26.   <u>Electronically Stored Information</u>.  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

a)   All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

b)   All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

27.   <u>Evidentiary Presumptions</u>.

a)   Documents produced by non-parties from the non-parties' files shall be presumed to be authentic.  Any good-faith objection to a document's admissibility must be provided with the exchange of other objections to trial exhibits.  If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

b)   All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-

complaint investigation of the proposed acquisition, FTC File No. 2021-0063, or any prior FTC investigation, are presumed to be authentic.  If a party serves a specific good-faith written objection to any such document's authenticity, the parties will promptly meet and confer to attempt to resolve any objection.  The Court will resolve any objections that are not resolved through this means or through the discovery process.

28.   Modification of Case Management and Scheduling Order.  Any party may seek modification of this Order for good cause.

29.   Statements Regarding Local Rules 16.1 and 16.3.  The parties do not consent to assignment of this case to a magistrate judge for all purposes, including trial.  The parties are amenable to settling this case but, despite their pre-Complaint efforts, have not been able to resolve their different views on the likely effects of the proposed merger.  Presently, the parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures.

30.   Exhibit Lists.  The parties shall exchange exhibit lists on or before **July 16, 2021**.  Objections shall be filed on or before **July 21, 2021**.  The parties will file their final exhibit lists with the Court on or before **July 23, 2021**.

31.   Fact Witness Deposition/Investigational Hearing Designations. The parties shall exchange affirmative fact witness deposition or investigational hearing designations on or before **July 12, 2021**.  Fact witness deposition or investigational hearing counter-designations and objections to affirmative fact witness deposition designations shall be exchanged on or before **July 16, 2021**. Objections to fact witness deposition or investigational hearing counter-designations shall be exchanged on or before **July 21, 2021**.  Defendants reserve all rights to object to designations that are in contravention of the Federal Rules of Evidence.  Defendants reserve all rights to object to Plaintiff's use, in its proposed findings of fact or conclusions of law, of deposition designation testimony (including investigational hearing testimony) of witnesses who were not disclosed

on Plaintiff's preliminary or final witness lists.  Plaintiff similarly reserves all rights to admit investigational hearing transcripts and deposition designations regardless of whether those witnesses were included on the Plaintiff's preliminary, supplemental, or final witness lists and to rely on those transcripts in the Findings of Fact and Conclusions of Law.  Plaintiff also reserves all right to argue for designations consistent with the 16 C.F.R. § 3 and federal case law.

32.    Federal Rule of Civil Procedure 6(a)(1)(C) is to be applied when computing the deadlines in this Order.

It is **SO ORDERED.**

Dated:  April 26, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

-16-

## **OVERVIEW OF SCHEDULE**

| Event | Date(s) |
|---|---|
| Exchange of Preliminary Witness Lists, including Expert Witnesses | Two days post-entry of CMSO by Court |
| Deadline to serve Written Discovery to Parties | April 28, 2021 |
| Deadline to serve Written Discovery to Third Parties | May 7, 2021 |
| Deadline to serve Deposition Notices for Fact Witnesses | May 7, 2021 |
| Exchange of Supplemental Witness Lists | May 14, 2021 |
| Close of Fact Discovery | June 4, 2021 |
| Plaintiff's Expert Report(s) due | June 8, 2021 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | June 18, 2021 |
| Joint Proposal Regarding Designation of Fact Witness Testimony and Final Witness Lists | June 21, 2021 |
| Defendants' Expert Report(s) due | June 29, 2021 |
| Plaintiffs' Rebuttal Expert Report(s) due | July 9, 2021 |
| Exchange of Affirmative Fact Witness Designations | July 12, 2021 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | July 12, 2021 |
| Close of Expert Discovery | July 16, 2021 |
| Exchange of Exhibit Lists | July 16, 2021 |
| Exchange of Fact Witness Counter-Designations and Objections to Affirmative Fact Witness Designations | July 16, 2021 |
| Exchange of Final Witness Lists, including Expert Witnesses | July 19, 2021 |
| Plaintiff's Reply Brief in Further Support of Motion for Preliminary Injunction | July 20, 2021 |
| Last day for Motions In Limine to be filed | July 21, 2021 |
| Exchange of Objections to Fact Witness Counter-Designations | July 21, 2021 |
| Objections to Exhibit Lists | July 21, 2021 |
| Final Exhibit Lists due | July 23, 2021 |
| Last day for Responses to Motions In Limine to be filed | July 23, 2021 |
| Pre-Hearing Conference | TBD |
| Evidentiary Hearing begins | August 9, 2021 |
| Proposed Findings of Fact and Conclusions of Law | 10 days after the close of the Hearing |

3:21-cv-00800-CAB-BGS