Susan A. Musser (D.C. Bar No. 1531486)
Daniel K. Zach (N.Y. Bar No. 4332698)
Stephen Mohr (D.C. Bar 982570)
Sarah Wohl (D.C. Bar No. 1016357)
Nicolas Stebinger (N.Y. Bar No. 4941464)
FEDERAL TRADE COMMISSION
Bureau of Competition
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
Telephone: 202-326-2122
smusser@ftc.gov
nstebinger@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                           Plaintiff,<br><br>v.<br><br>ILLUMINA, INC. and GRAIL, INC.,<br><br>                           Defendants. | Case No.: 3:21-cv-00800-CAB-BGS<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION TO DISMISS THE COMPLAINT WITHOUT PREJUDICE**<br><br>Judge:  Hon. Cathy Ann Bencivengo<br>Magistrate:  Hon. Bernard G. Skomal<br>Courtroom:  15A<br>Hearing Date: |

# TABLE OF CONTENTS

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE APPLICATION* TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2)** .......... 5

**BACKGROUND** ................................................................................................. 6

**STANDARD OF REVIEW** ................................................................................ 8

**ARGUMENT** ....................................................................................................... 9

    I.    Dismissal of the PI Complaint is Appropriate Under Rule 41(A)(2) ..................... 9

        *(a)*    *A Preliminary Injunction is no Longer Necessary to Preserve the Status Quo* ……………………………………………………………………………..9

        *(b)*    *Continuing to Litigate an Unnecessary PI Complaint is Inefficient and a Waste of Resources* ................................................................................. 12

        *(c)*    *Dismissal of the Complaint will not Legally Prejudice Defendants* ............... 13

    II.    This Case Should be Dismissed Without Prejudice and Without the Imposition of Any Conditions ................................................................................................. 14

    III.    The Compressed Case Schedule Necessitates Expedited Relief .......................... 15

**CONCLUSION** ................................................................................................. 16

## Table of Authorities

**Cases**

*Bader v. Elecs. For Imaging, Inc.*, 195 F.R.D. 659 (N.D. Cal. 2000) ............................... 13

*Burnette v. Godshall*, 828 F. Supp. 1439 (N.D. Cal. 1993) .................................................. 14

*FTC v. Food Town Stores, Inc.*, 539 F.2d 1339 (4th Cir. 1976) .................................. 10, 13

*FTC v. H. J. Heinz Co.*, 246 F.3d 708 (D.C. Cir. 2001) ....................................................... 10

*FTC v. Tronox, Ltd.*, 332 F.Supp.3d 187 (D.D.C. 2018) ……………………………..12

*FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327 (3d Cir. 2016) ................................ 10

*FTC v. Warner Communications, Inc.*, 742 F.2d 1156 (9th Cir. 1984) ......................... 9, 13

*FTC v. Weyerhaeuser Co.*, 665 F.2d 1072 (D.C. Cir. 1981) ................................................. 9

*FTC v. Whole Foods Market, Inc.*, 548 F.3d 1028 (D.C. Cir. 2008) .............................. 9, 10

*Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143 (9th Cir. 1982) ........................... 8

*HANGINOUT, Inc. v. Google, Inc.*, 2015 WL 11254688 (S.D. Cal. Apr. 22, 2015) .......... 8

*In the Matter of Illumina Inc./Pacific Biosciences of California, Inc.*, Dkt. 9387
   (Complaint 12/17/2019) ................................................................................................. 11

*Lee v. Van Boening*, 81 F.3d 168, 1996 WL 145303 7670 .................................................. 11

*In the Matter of Tronox Limited/Cristal USA*, Dkt. 9377 (Complaint 12/5/2017) ............ 11

*Ocean Conservancy, Inc. v. National Marine Fisheries Services*, 90 Fed. Appx. 499 (9th
   Cir. 2003) ........................................................................................................................ 11

*United States v. Philadelphia Nat. Bank*, 374 U.S. 321 (1963) ......................................... 13

*Westlands Water Dist. v. United States*, 100 F.3d 94 (9th Cir. 1996) ............................... 13

**Statutes**

15 U.S.C. § 18 ............................................................................................................................. 6

15 U.S.C. § 18a ........................................................................................................................... 7

15 U.S.C. § 41 ............................................................................................................................. 7

15 U.S.C. § 45 ......................................................................................................................... 6, 9

15 U.S.C. § 45(c) ........................................................................................................................ 9

15 U.S.C. § 53(b) ................................................................................................................ 9

15 U.S.C. § 21 .................................................................................................................... 9

16 C.F.R. § 3.41 ................................................................................................................. 9

16 C.F.R. § 3.51 ................................................................................................................. 9

**Other Authorities**

2004 O.J. (L 24) .............................................................................................................. 5, 8

**Rules**

Fed R. Civ. P. 1 .................................................................................................................. 8

Fed. R. Civ. P. 41(A)(2) ............................................................................................. 5, 8, 13

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE APPLICATION* TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2)

The Federal Trade Commission ("FTC" or "Commission") moves to voluntarily dismiss its Complaint for Preliminary Injunction and Temporary Restraining Order ("PI Complaint") under Federal Rule of Civil Procedure 41(A)(2). Fed. R. Civ. P. 41(A)(2). The FTC filed its PI Complaint on March 31, 2021 to maintain the *status quo* and prevent Illumina, Inc. and GRAIL, Inc. (collectively, "Defendants") from consummating their proposed transaction before the administrative trial on the merits could be conducted.[1] (PI Complaint, p. 1). Since the FTC filed the PI Complaint, the European Commission ("EC") announced that it has accepted requests from member states to assess Defendants' proposed transaction and publicly stated that Illumina and GRAIL cannot "implement the transaction before notifying and obtaining clearance from the Commission."[2] Although Defendants appear to be appealing the EC's exercise of jurisdiction,[3] unless either the EC completes its investigation and allows the proposed transaction to proceed, or the European General Court determines that the EC lacks jurisdiction to investigate, Defendants are prohibited from closing.[4] Currently, the EC has not accepted Defendants'

---

[1] The Administrative Complaint was issued by the Commission on March 30, 2021. The administrative trial is scheduled to begin on August 24, 2021.

[2] *Mergers: Commission to assess proposed acquisition of GRAIL by Illumina*, European Commission (April 20, 2021), https://ec.europa.eu/commission/presscorner/detail/en/mex_21_1846.

[3] *Illumina Files Action for Annulment of European Commission's Decision Asserting Jurisdiction to Review GRAIL Acquisition*, Illumina.com (April 29, 2021, 9:05 AM), https://investor.illumina.com/news/press-release-details/2021/Illumina-Files-Action-for-Annulment-of-European-Commissions-Decision-Asserting-Jurisdiction-to-Review-GRAIL-Acquisition/default.aspx.

[4] European Commission Communication, Commission Guidance on the application of the referral mechanism set out in Article 22 of the Merger Regulation to certain categories of cases (March 26, 2021), at 7; 2004 O.J. (L 24), art. 7; 2004 O.J. (L 24), art. 14(2)(b).

Form CO filing[5]—nor is there a notice of briefing schedule for the Defendants' appeal to the European General Court.[6] The FTC is authorized to seek a preliminary injunction or temporary restraining order only if necessary to preserve the *status quo*. The EC's prohibition on closing now moots the FTC's PI Complaint as no temporary restraining order or preliminary injunction is currently needed to maintain the *status quo* pending the administrative trial. Therefore, the FTC moves to dismiss its Complaint without prejudice because relief is not necessary at this time.

## BACKGROUND

Illumina, Inc., the dominant provider of next-generation genome sequencers, announced that it entered into a definitive agreement to acquire GRAIL, Inc., a healthcare company racing to develop multi-cancer early detection tests, for cash and stock consideration of $8 billion (hereinafter, "Proposed Transaction").[7] After an investigation, the Commission found reason to believe that, if consummated, Defendants' merger would be anticompetitive and violate Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45, and voted 4-0 to issue an Administrative Complaint to permanently enjoin Defendants from consummating the Proposed Transaction and set an administrative hearing for August 24, 2021 to decide the merits of this case. (Complaint, *In the Matter of Illumina, Inc. v. GRAIL, Inc.*, FTC Docket No. 9401, p. 1. (hereinafter "Administrative Complaint").

---

[5] At the time of filing this application, the EC's database shows that the EC has not accepted a Form CO. The Form CO filing initiates the EC's merger review process. Exhibit 1 (showing no entry for the Form CO Filing).
[6] The docket entry for Illumina's appeal shows that a briefing and hearing schedule has not even been set for that proceeding. Exhibit 2 (listing no hearing or briefing schedule).
[7] *Illumina to Acquire GRAIL to Launch New Era of Cancer Detection*, Illumina.com (September 21, 2020, 7:00 AM), https://investor.illumina.com/news/press-release-details/2020/Illumina-to-Acquire-GRAIL-to-Launch-New-Era-of-Cancer-Detection/default.aspx.

At the time the Commission voted to issue the Administrative Complaint, the EC had not yet announced that Defendants had to notify the EC and obtain clearance prior to closing. As such, the FTC understood that Defendants would be able to close the transaction after March 30, 2021 absent preliminary injunctive relief.[8] Twenty days later, however, the EC announced that it "has accepted the requests submitted by Belgium, France, Greece, Iceland, the Netherlands, and Norway to assess the proposed acquisition of GRAIL by Illumina under the EU Merger Regulation."[9] The EC's investigation was initiated pursuant to an Article 22(1) referral request to the Commission.[10] "[Article 22(1)] allows Member States to request the Commission to examine a merger that does not have an EU dimension but affects trade within the single market and threatens to significantly affect competition within the territory of the Member States making the request."[11]

The EC has clearly and publicly stated that it has an open investigation and the parties must obtain clearance prior to closing.[12] As Latham and Watkins—attorneys for GRAIL, Inc.—have explained in other contexts, after the EC accepts referral (as it has done here) the "EUMR applies and the parties can no longer close their deal . . .if they want to avoid fines of up to a maximum of 10% of their worldwide turnover."[13] Based

---

[8] During the FTC's investigation, Defendants refused to waive the confidentiality provisions of the Hart Scott Rodino Act and the FTC Act to allow the FTC to discuss its investigation with other foreign regulators. 15 U.S.C. § 18a; 15 U.S.C. § 41.
[9] *Mergers: Commission to assess proposed acquisition of GRAIL by Illumina*, European Commission (April 20, 2021), https://ec.europa.eu/commission/presscorner/detail/en/mex_21_1846.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Article 22 EU Merger Referrals: Analysis of Commissioner Vestager's announcement to accept referrals from NCAs for non-reportable concentrations*, Latham Watkins (September 18, 2020), https://www.lw.com/thoughtLeadership/article-22-eu-merger-referrals; European Commission Communication, Commission Guidance on the application of the referral mechanism set out in Article 22 of the Merger Regulation to

on this new, post-Complaint information from the EC—and our assumption that Defendants will abide by the laws of all jurisdictions in which they operate—the FTC's understanding is that Defendants cannot currently close this transaction.[14] As such, at this time a preliminary injunction in no longer needed to maintain the *status quo* pending the completion of the administrative trial on the merits.

## STANDARD OF REVIEW

The FTC asks this Court to dismiss this case under Federal Rule of Civil Procedure 41(A)(2) without prejudice or condition. Fed. R. Civ. P. 41(A)(2). Rule 41(A)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(A)(2). Plaintiff's request to dismiss an action should be granted unless Defendants can show they will suffer plain legal prejudice as a result of the dismissal. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) ("In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal."). Dismissal is favored when it secures the "just, speedy, and inexpensive determination of every action and proceeding." *HANGINOUT, Inc. v. Google, Inc.*, 2015 WL 11254688, at *2 (S.D. Cal. Apr. 22, 2015); *see also*, Fed R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

---

certain categories of cases (March 26, 2021), at 7; 2004 O.J. (L 24), art. 7; 2004 O.J. (L 24) art. 14(2)(b).

[14] The FTC has invited Defendants to provide additional detail regarding the EC's process and its impact on the investigation. Defendants have steadfastly refused to provide meaningful detail. Moreover, Defendants have failed to correct any misunderstanding of fact or law. (Exhibit 3; Exhibit 4; Musser Decl.)

# ARGUMENT

## I. Dismissal of the PI Complaint is Appropriate Under Rule 41(A)(2)

The FTC requests that this Court dismiss the PI Complaint because (a) the relief sought in the PI Complaint is no longer necessary; (b) dismissing the PI Complaint is in the public interest; and (c) Defendants will not suffer legal prejudice from dismissal. This dismissal should be without prejudice and with no conditions.

### *(a) A Preliminary Injunction is no Longer Necessary to Preserve the Status Quo*

Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), permits the FTC to seek interim, injunctive relief to preserve the *status quo pendente lite* and protect the Commission's ability to conduct its administrative adjudicatory proceeding on the ultimate merits of whether the Defendants violated the antitrust laws. *See, e.g., FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1159 (9th Cir. 1984) ("The Federal Trade Commission brought an action seeking a preliminary injunction under section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) to block the proposed merger until the completion of administrative proceedings."); *FTC v. Whole Foods Market, Inc.*, 548 F.3d 1028, 1034 (D.C. Cir. 2008) ("Section 53(b), codifying the ability of the FTC to obtain preliminary relief, preserves the 'flexibility' of traditional 'equity practice.'") (quoting *FTC v. Weyerhaeuser Co.*, 665 F.2d 1072, 1082, 1084 (D.C. Cir. 1981)).[15] "The district court is not authorized to determine whether the antitrust laws have been or are about to be violated. That adjudicatory function is vested in the FTC in the first

---

[15] The administrative trial is scheduled to begin on August 24, 2021, during which the parties collectively, can present up to 210 hours of testimony, present opening statements and closing statements (each can be up to two hours long), and introduce evidence into the record. 16 C.F.R. § 3.41. The administrative law judge will then issue a proposed opinion which the Commission may review and adopt. 16 C.F.R. § 3.51 *et seq.* If the Commission finds that the proposed merger violates the antitrust laws, it may order such relief as is necessary and appropriate, including a prohibition against the consummation of the proposed merger. 15 U.S.C. §§ 21, 45. Either party may appeal that ruling to a federal, appellate court. 15 U.S.C. § 45(c).

instance.'" *FTC v. H. J. Heinz Co.*, 246 F.3d 708 (D.C. Cir. 2001), 714 (quoting *FTC v. Food Town Stores, Inc.*, 539 F.2d 1339, 1342 (4th Cir. 1976)). "The *only* purpose of a proceeding under § 13 is to preserve the status quo until [the] FTC can perform its function." *Food Town*, 539 F.2d at 1342 (emphasis added).

Since filing the PI Complaint, the FTC has learned that the EC has opened an investigation and as a result Defendants are currently prohibited from closing the Proposed Transaction.[16]  Given this recent development, a preliminary injunction pursuant to Section 13(b) is rendered moot as the EC's current investigation preserves the *status quo* and accomplishes the same relief sought in the PI Complaint.  *FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327, 352 (3d Cir. 2016) ("The purpose of Section 13(b) is to preserve the status quo and allow the FTC to adjudicate the anticompetitive effects of the proposed merger in the first instance.").

In an analogous context, courts have found applications for preliminary injunction similarly unnecessary when another authority or case has obviated the need for judicial relief.[17] As in this case, the courts found plaintiffs' claims moot because there was no pending harm and, therefore, no further relief which could be granted. *See, Ocean*

---

[16] *Article 22 EU Merger Referrals: Analysis of Commissioner Vestager's announcement to accept referrals from NCAs for non-reportable concentrations*, Latham Watkins (September 18, 2020), https://www.lw.com/thoughtLeadership/article-22-eu-merger-referrals.

[17] While the requirements for obtaining a preliminary injunction under Section 13(b) are different than the requirements under the traditional four-part equity standard, important analogies can be drawn from these cases.  Section 13(b), "allows a district court to grant preliminary relief "[u]pon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest." *FTC v. Whole Foods Market, Inc.*, 548 F.3d at 1034. "Congress recognized the traditional four-part equity standard for obtaining an injunction was not appropriate for the implementation of a Federal statute by an independent regulatory agency. Therefore, to obtain a § 53(b) preliminary injunction, the FTC need not show any irreparable harm, and the 'private equities' alone cannot override the FTC's showing of likelihood of success. *Id*. (internal citations omitted).

*Conservancy, Inc. v. National Marine Fisheries Services*, 90 Fed. Appx. 499, 501 (9th Cir. 2003) (holding that the appeal of the district court's preliminary injunction denial is moot because "under no circumstances may [Defendant] engage in the conduct Plaintiffs seek to enjoin."); *Lee v. Van Boening*, 81 F.3d 168, 1996 WL 145303 , at *1 (9th Cir. 1996) (affirming the district court's denial for preliminary injunction "as moot on the basis that in another case, the district court had permanently enjoined the [same conduct]").  The same principles apply here:  now that the EC has opened an investigation there is no additional relief that this Court can provide, accordingly there is no live case or controversy and this case is moot.

      Proceeding straight to an administrative hearing and bypassing the federal proceeding when the EC has an open investigation into the same merger is consistent with the Commission's practices in past cases.  For example, *In the Matter of Tronox Limited/Cristal USA* the Commission declined to file a complaint seeking a preliminary injunction and instead proceeded straight to the administrative hearing.  (Complaint, *In the Matter of Tronox Limited/Cristal USA*, Dkt. 9377 (December 5, 2017)); *see also* Complaint, *In the Matter of Illumina Inc./Pacific Biosciences of California, Inc.*, Dkt. 9387 (December 17, 2019)).  The Commission's reasoning in those cases was consistent with our reasoning here, namely, that a TRO or a PI is only necessary to "protect [the administrative] proceeding, which we consider to be the merits proceedings and the proceeding where we actually determine the legality of the merger."  (Exhibit 5 at 6:18, Transcript, Complaint, *In the Matter of Tronox Limited/Cristal USA*, Dkt. 9377 (December 5, 2017)).  In *Tronox*, foreign regulators later cleared the transaction at issue, allowing the parties to close.  At that time – after the conclusion of the administrative trial but before the ruling on the merits – the FTC moved the District Court of D.C. to seek a preliminary injunction.  *Federal Trade Commission v. Tronox, Ltd.*, 332 F.Supp.3d 187, 194 (D.D.C. 2018).  The court in that case explained that the FTC was correct in seeking a preliminary injunction only after the foreign regulators had cleared the merger and noted that "[u]ntil foreign regulators approved the proposed merger, there was no

imminent threat to competition, so a request for injunctive relief would have likely been unripe." *Id.* at 218-19. Given that Defendants here are likewise blocked from closing by the EC, the current case should also be dismissed as unripe and be filed only if and when the *status quo* changes.

### (b) *Continuing to Litigate an Unnecessary PI Complaint is Inefficient and a Waste of Resources*

Continuing to litigate an unnecessary PI Complaint in federal court is against the public interest and would waste the resources of the court, third-parties, and taxpayers. First, calendaring this case, of course, is not cost neutral and necessarily comes at the expense of other litigants' cases that have been pushed back to accommodate this case's schedule. Beyond the substantial time this court would be asked to devote to conducting the PI hearing and reaching a decision on the (now unnecessary) PI Complaint, to the extent that disputes arise—as they often do in complex, civil litigation—the Magistrate Court and this Court will be asked to set aside time to address those disputes. Second, Plaintiffs and Defendants anticipate that the PI hearing would last at least two weeks and involve testimony from numerous third-party and party witnesses. (Exhibit 6). This PI hearing will unnecessarily burden both witnesses who will need to devote time and resources to travel and testify at this hearing as well as this Court that will need to dedicate finite resources to conduct a hearing and render a decision that will have no impact on the *status quo*.

Finally, continuing to litigate the PI Complaint while simultaneously preparing for the administrative trial also imposes substantial unnecessary expenses on the parties and taxpayers. While fact discovery conducted in the federal court proceeding can be used in the administrative proceeding (and thus, federal discovery completed to date is by no means wasted), the two proceedings have fundamentally different purposes and are on different timelines. To obtain a preliminary injunction pursuant to section 13(b), the FTC merely must raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for thorough investigation, study, deliberation and

determination by the FTC in the first instance and ultimately by the Court of Appeals." *FTC v. Warner Communications, Inc.*, 742 F.2d at 1162.  In contrast, at the administrative trial, the FTC must show by a preponderance of the evidence that "the effect of the merger 'may be to substantially lessen competition.'" *United States v. Philadelphia Nat.* Bank, 374 U.S. 321, 362 (1963).  The different standards across the two proceedings can create differences across, among other things, expert reports, pre-trial briefing, and post-trial conclusions of law and findings of fact.  Requiring the FTC to pay for and submit different briefing and reports is inefficient and expensive to the government and ultimately taxpayers.

### *(c) Dismissal of the Complaint will not Legally Prejudice Defendants*

A Court should exercise its discretion to dismiss a case under Fed. R. Civ. P. 41(A)(2) as long as the dismissal will not result in legal prejudice to the defendants.  To show legal prejudice, the defendant must show "prejudice to some legal interest, some legal claim, some legal argument." *Bader v. Elecs. For Imaging, Inc.*, 195 F.R.D. 659, 661–62 (N.D. Cal. 2000); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("We conclude that legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument.").  Defendants will suffer no such legal prejudice.

"The only purpose of a proceeding under § 13 is to preserve the status quo until [the] FTC can perform its function." *Food Town*, 539 F.2d at 1342.  That function is the administrative trial on the merits which will determine whether the Proposed Transaction is permanently enjoined.  The PI complaint merely seeks to preserve the FTC's ability to obtain meaningful relief if Complaint Counsel proves the Proposed Transaction violates Section 7 of the Clayton Act or Section 5 of the FTC Act.  Since preserving the *status quo* is the only purpose of this proceeding, Defendants have no separate legal interest or claim that can be prejudiced by dismissing the PI Complaint.  Nor does dismissing the PI Complaint prejudice Defendants from raising any legal argument in the administrative trial.

## II. This Case Should be Dismissed Without Prejudice and Without the Imposition of Any Conditions

To determine whether a case should be dismissed with or without prejudice the Court should consider whether it would be "inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993). To make that determination, courts consider "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.*

Plaintiff has acted quickly and the explanation for dismissing the PI Complaint is clear. At the time of filing its PI Complaint, FTC had a good faith basis to believe that a preliminary injunction was needed. That changed when twenty days after the FTC filed the PI Complaint, the EC announced that it opened an investigation that prohibits Defendants from consummating the Proposed Transaction.

Shortly after learning of the EC announcement, the FTC emailed Defendants asking whether the EC's investigation prevented them from closing and when Defendants intended to initiate EC's proceedings by filing a Form CO. (Exhibit 3). Defendants refused to provide a clear answer regarding the impact of the EC's proceedings and provided no answer as to when they were filing their Form CO or whether they would be fined in the event they were to close. (Exhibit 3). The FTC then sent an interrogatory asking Defendants to identify all "events, conditions, investigations, proceedings or barriers" to closing the transaction and RFPs asking for communications and documents sent to regulators. (Musser Decl., ¶ 2). In Defendants' May 3, 2021 responses and objections to the FTC's interrogatory and subsequent conversations regarding the same, Defendants again refused to answer directly whether the EC investigation prohibited it from closing and refused to produce responsive documents. (Musser Decl., ¶ 3). The FTC notified Defendants that it may seek to dismiss this case on May 18, 2021. (Musser

Decl., ¶ 4). Clearly there has been no excessive delay and the FTC has been diligent in prosecuting this action.

The efforts Defendants have made to date to prepare for the PI hearing are useful for the administrative trial on the merits. Federal court fact discovery may be used in the administrative proceeding. (Exhibit 7, ¶ 7). Thus, Defendants have incurred minimal expense that they would have otherwise not incurred in the administrative process.[18] If the Court dismisses the PI Complaint, the Parties will continue to conduct fact and expert discovery for the more-expansive administrative proceeding. While the FTC does not anticipate needing to re-file a Complaint for Preliminary Injunction or Temporary Restraining Order, if it does, Defendants would not suffer any prejudice or inequity.[19] If the EC clears the Proposed Transaction during the pendency of the administrative trial, or if the Defendants attempt to close in violation of EC law, both Parties would be able to use the evidence gathered to date in this proceeding as well as evidence gathered in the administrative proceeding in any future proceeding for a preliminary injunction.[20]

### III. The Compressed Case Schedule Necessitates Expedited Relief

The FTC contacted Defendants on May 18, 2021, telling them that the FTC intended to file this application and asked them to meet and confer that day. (Musser

---

[18] The FTC has also offered to honor all negotiations and agreements reached with either parties or third parties regarding discovery sent in this case to corresponding discovery requests sent in the administrative process. (Exhibit 4, p 4-5).

[19] The FTC also stipulates that, while not anticipated, in the event that it later needs to file a temporary restraining order or preliminary injunction it will file its complaint in the Southern District of California.

[20] The Case Management and Scheduling Order ("CMSO") (Dkt. 88) notes that "[o]nly discovery obtained by a party in the Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown," (CMSO, ¶ 10). In the event that this case is dismissed, the FTC is willing to stipulate to the use of evidence gather post-dismissal in a subsequent filing for a temporary restraining order of preliminary injunction.

Decl. at ¶ 4). The FTC and Defendants met and conferred the next day. (Musser Decl. at ¶ 5). In a follow-up email, the FTC proposed an expedited briefing schedule and again offered to meet and confer on the proposed schedule. (Musser Decl. at ¶ 5). Defendants responded the next day that they opposed the application but agreed to meet and confer on a briefing schedule. (Musser Decl. at ¶ 6-7). Pursuant to this Courts' "Civil Case Procedures" the FTC has served on Defendants a copy of this application with return receipt requested. ("Honorable Cathy Ann Bencivengo U.S. District Judge Civil Case Procedures", "IV. Ex Parte Motions.").

The FTC respectfully requests expedited relief in this application and for all deadlines under the CMSO to be stayed while a decision is pending. As this Court is aware, fact discovery closes on June 4, 2021 and numerous other deadlines are due shortly thereafter. (CMSO, Dkt. 88, p. 17). In the event that the Court dismisses this action, both parties would have incurred unnecessary expense proceeding under extremely compressed deadlines while a decision is pending.

## CONCLUSION

Under Rule 13(b) preliminary injunctive relief in federal court should only be sought if and when it is necessary to preserve the *status quo* during the pendency of the administrative adjudicative proceedings, not as a prophylactic measure. Forcing the FTC to litigate a case when there is no live case or controversy to address the mere hypothetical that preliminary relief may later be necessary is inconsistent with case law and a waste of judicial resources. As such, the FTC moves this court to dismiss the PI Complaint without prejudice.

Dated: May 21, 2021                                     Respectfully submitted,

/s/ Susan A. Musser
Susan Musser
*Counsel for Federal Trade Commission*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2021, I served the foregoing on the following counsel via electronic mail and the Court's CM/ECF system:

Sharonmoyee Goswami
Jesse Weiss
Michael Zaken
Illumina Trial Team (list serv)
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
sgoswami@cravath.com
jweiss@cravath.com
mzaken@cravath.com
IlluminaTrialTeam@cravath.com

*Counsel for Illumina, Inc.*


Marguerite Sullivan
Anna Rathbun
Latham Antitrust Team (list serv)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Marguerite.Sullivan@lw.com
Anna.Rathbun@lw.com
LWVALORANTITRUST.LWTEAM@lw.com

*Counsel for GRAIL, Inc.*

/s/ Susan A. Musser
Susan Musser
*Counsel for Federal Trade Commission*